**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BLAINE WILLIAMSON**<br>*Plaintiff*<br>**VERSUS**<br>**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**<br>*Defendant* | **CIVIL ACTION NO. 2:26-CV-890**<br>**JUDGE:** ____________________<br>**MAGISTRATE JUDGE:** ____________________________ |

**COMPLAINT FOR BENEFITS UNDER ERISA**

Plaintiff, Blaine Williamson, by and through his undersigned counsel, files this Complaint against Defendant, The Lincoln National Life Insurance Company ("Lincoln"), and alleges as follows:

**I. PARTIES**

**1.**

Plaintiff, Blaine Williamson, is a resident of Westwego, Louisiana.

**2.**

Defendant, The Lincoln National Life Insurance Company, is an insurance company doing business in the State of Louisiana and is the insurer and claims

administrator for the long-term disability ("LTD") plan at issue.

## II. JURISDICTION AND VENUE

**3.**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Jurisdiction is proper under 29 U.S.C. § 1132(e).

**4.**

Venue is proper in this District as the relevant plan is administered here and the events giving rise to the claim occurred here.

## III. FACTUAL ALLEGATIONS

**5.**

Mr. Williamson was employed as a Bobcat Operator for Associated Terminals, L.L.C. and was covered under LTD Policy Number 00001026576700000 issued by Lincoln.

**6.**

Mr. Williamson became insured under this policy effective April 01, 2024.

**7.**

On February 23, 2022, Mr. Williamson started on a maintenance medication regimen including Lasix, Lisinopril, and Metoprolol.

**8.**

Following this initial evaluation, on March 2, 2022, his treating cardiologist, Dr. Richard Pearl, issued a formal medical clearance stating Mr. Williamson could work with "no restrictions".

**9.**

On March 3, 2022, Mr. Williamson passed a "Return-to-Work" physical examination conducted by Prime Occupational Medicine, which found "no safety risks" and cleared him to perform his normal and customary duties as a Bobcat Operator.

**10.**

For over three consecutive years (2022–2025), Mr. Williamson performed the physically demanding duties of a Bobcat Operator without any clinical deterioration, functional impairment, or medical work restrictions.

**11.**

In April 2025, Mr. Williamson suffered a sudden and severe cardiac event resulting in hospitalization for "Acute on chronic combined systolic and diastolic CHF".

**12.**

Clinical findings confirm he suffers from severe non-ischemic cardiomyopathy with an ejection fraction of 15–20%.

**13.**

Lincoln's own medical reviewers have explicitly admitted that Mr. Williamson is physically incapable of performing his job duties and that his prognosis is poor absent a heart transplant.

**14.**

Despite this, Lincoln denied Mr. Williamson's LTD claim (Claim #1250030907) on July 21, 2025, and upheld that denial on appeal on April 24, 2026, citing a "pre-existing condition" exclusion.

**15.**

Lincoln alleges that routine pharmacy refills for Lasix, Lisinopril, and Metoprolol during the "lookback period" (January 01, 2024–April 01, 2024) constitute "treatment".

**16.**

In its appeal denial, Lincoln's medical consultant admitted there were "no specific consultations, radiographs or diagnostic treatment noted in the file" during the lookback period of January 1, 2024, to April 1, 2024.

**17.**

On April 6, 2026, Lincoln's own external medical expert, Dr. Beverly Yamour, formally admitted that 'There are no treating provider records provided within the lookback period'. Despite this admission that no physician interaction occurred, Lincoln arbitrarily determined that Plaintiff received 'Treatment' based solely on administrative pharmacy refills.

**18.**

Lincoln's determination that administrative refills constitute "Treatment" (defined in the policy as "consultation, care or services provided by a Physician") is a blatant misinterpretation of the policy language, legal precedent, and ignores the three-year history of medical stability and full-time work.

**19.**

Mr. Williamson provided definitive evidence, including a notarized affidavit and statements, confirming he had zero in-person consultations, clinical evaluations, or professional services during the lookback period.

**20.**

The administrative act of refilling maintenance medications was handled entirely by his Pharmacy and the physician's office without any clinical interaction with Mr.

Williamson.

**21.**

Despite this evidence and the entirety of the claims record Lincoln continues to arbitrarily and capriciously deny his claim.

## IV. CAUSE OF ACTION: RECOVERY OF BENEFITS (ERISA § 502(a)(1)(B))

**22.**

Plaintiff incorporates all prior paragraphs.

**23.**

Lincoln’s denial of benefits is arbitrary and capricious and contrary to the terms of the Policy.

**24.**

Under controlling Fifth Circuit law, including *Ross v. Western Fidelity Ins. Co.*[1], a "treatment" must be directed toward the disabling condition and involves clinical evaluation, which was absent here.

[1] (37 F.4th 267)(5th Cir. 2022)

**25.**

Lincoln's denial of benefits is based on a 'backward-looking reinterpretation' of medical management that the Fifth Circuit has explicitly rejected as arbitrary and capricious. Under *Smith v. United of Omaha Life Ins. Co.*[2], , a plan administrator cannot tie lookback-period symptoms to a later diagnosis without evidence that the condition was actually suspected or treated as a disabling impairment during that period. Lincoln's logic—that maintenance of a stable, three-year work baseline constitutes 'Treatment' for a later acute cardiac event—would render the insurance contract 'nonsensical' and 'nonsensical' under the Smith standard.

**26.**

Lincoln acted in bad faith and in violation of ERISA by providing its medical reviewer with an extra-contractual definition of 'Treatment' that included the standalone 'taking of drugs and/or medicines'—a criteria that does not exist in the actual Policy language, which requires care to be 'provided by a Physician'.

**27.**

The 2025 episode was a new and unforeseen clinical deterioration, not a continuation of prior treatment.

---

[2] 775 F. App'x 770 (5th Cir. 2019)

**28.**

Mr. Williamson has exhausted all first levels of appeal through the defendant's plan.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

(a) An order declaring Plaintiff is entitled to LTD benefits;

(b) An award of all past-due benefits, plus interest;

(c) An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

(d) All other just and equitable relief.

Respectfully Submitted,

/s/ Jeffrey P. Berniard______
Jeffrey P. Berniard (#29088)
Berniard Law Firm,L.L.C.
1140 St. Charles Ave.
New Orleans, LA 70130
Telephone: (504) 521-6000
Email: Jeff@GetJeff.Com
All Pleadings and Correspondence may be served by Email only via email address: Jeff@GetJeff.com