**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BLAINE WILLIAMSON,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | **2:26-cv-00890-ILRL-DPC** |
| **V.** | **JUDGE IVAN L.R. LEMELLE** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |
| **Defendant.** | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint ("Complaint") and alleges as follows:

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence and, accordingly, denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that it is an Indiana Corporation and that it is lawfully authorized to do business in Louisiana. Lincoln admits that it issued Group Long-Term Disability Insurance Policy Number 000010265767 (the "Policy") to Associated Terminals, L.L.C. ("Associated Terminals") and that, at certain times, the Policy insured benefits from the Associated Terminals, L.L.C. Long-Term Disability Plan (the "LTD Plan") under the terms of the Policy. Lincoln admits that it was, at certain times, the claims administrator for benefits paid from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that this Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA"). Lincoln specifically denies, however, that the

bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that this Court has jurisdiction over this action under ERISA and that venue is proper in this Court. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that Plaintiff was, at certain times, employed by Associated Terminals as a Front-End Loader Operator, and was, at certain times, a participant in the LTD Plan. Lincoln admits that it issued the Policy to Associated Terminals and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that Plaintiff was, at certain times, employed by Associated Terminals, and was, at certain times, a participant in the LTD Plan. Lincoln admits that it issued the Policy to Associated Terminals and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself

as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits that it sent letters to Plaintiff dated July 21, 2025, and to Plaintiff's counsel dated February 25, 2026, and April 24, 2026, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits that it sent letters to Plaintiff dated July 21, 2025, and to Plaintiff's counsel dated February 25, 2026, and April 24, 2026, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that it sent letters to Plaintiff's counsel dated February 25, 2026, and April 24, 2026, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that physician peer reviews are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated

by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that it sent letters to Plaintiff dated July 21, 2025, and to Plaintiff's counsel dated February 25, 2026, and April 24, 2026, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 18 seek to interpret the provisions of the relevant policy, Lincoln refers to the policy itself as the best evidence of its contents. To the extent that Paragraph 18 contains legal conclusions, Lincoln is not required to answer. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that it sent letters to Plaintiff's counsel dated February 25, 2026, and April 24, 2026, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln further admits only that its decisions on Plaintiff's claim for long-term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln incorporates its responses to Paragraphs 1-21 by reference as if fully set forth herein.

23. Lincoln denies the allegations contained in Paragraph 23 of the Complaint.

24. To the extent that Paragraph 24 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. To the extent that Paragraph 25 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies the allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

In addition to the foregoing admissions and denials, Lincoln asserts the following affirmative defenses:

### **FIRST DEFENSE**

To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to the benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

**SECOND DEFENSE**

The Policy and plan document(s) at issue vested Lincoln with the sole discretion to make benefit and eligibility determinations under the LTD Plan, and thus, the decision with regard to Plaintiff must be reviewed under the deferential arbitrary and capricious/abuse of discretion standard of review, and Lincoln's determination relative to Plaintiff's claim was not an abuse of discretion and was not arbitrary, capricious, or unreasonable.

**THIRD DEFENSE**

Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with the provisions of the documents governing the LTD Plan.

**FOURTH DEFENSE**

Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

**FIFTH DEFENSE**

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**SIXTH DEFENSE**

Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court award Lincoln its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**SEVENTH DEFENSE**

This action is preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln denies any implication that it violated Plaintiff's rights under ERISA or any other statute, law, regulation, or common law, or that Plaintiff is entitled to any benefits other than what Plaintiff already may have received. Plaintiff's claims are barred because any purported or actual actions taken regarding Plaintiff were based on the clear language of the governing ERISA plan documents.

**EIGHTH DEFENSE**

To the extent Plaintiff alleges or seeks to allege state law claims, they are preempted by ERISA. Further, Plaintiff may not recover damages under state law in this action. Plaintiff's remedies, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

**NINTH DEFENSE**

At all times material to the Complaint, Lincoln acted in good faith and in compliance with the terms and conditions of the LTD Plan and discharged its duties with respect to the LTD Plan in the interest of the participants and beneficiaries.

**TENTH DEFENSE**

A claimant's entitlement to future ERISA benefits under the terms of the LTD Plan is subject to an ongoing requirement for continued proof of disability throughout the period of disability. Accordingly, Plaintiff cannot obtain a determination from this Court that Plaintiff is

entitled to indefinite future benefits. Plaintiff must continue to satisfy the terms of the LTD Plan.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

**TWELFTH DEFENSE**

Lincoln specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure, including the right to amend this Answer to the extent necessary, and to file any counterclaim or crossclaim as facts are investigated and developed.

**PRAYER**

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 22nd day of May 2026.

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Lindsay Calhoun (Bar #35070)
Keiran S. McCluskie (Bar # 40874)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: lindsay.calhoun@phelps.com
Email: keiran.mccluskie@phelps.com

**ATTORNEYS FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2026, the above and foregoing Answer to Plaintiff's Complaint was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

*/s/ Lindsay Calhoun*
Lindsay Calhoun